B. ROSENBERG & SON v. BASSO

(February 17, 1930. Opinion and Decree.)

Dufour, Rosen & Kammer, of New Orleans, attorneys for plaintiff, appellant.

**396**

Juluis Howard Wiener and Sidney G. Roos, of New Orleans, attorneys for defendant, appellee.

JANVIER, J. In the original petition plaintiff claimed an open account balance of $242.75. By supplemental petition an additional sum of $35.35 was claimed as the interest due at the time of the filing of the suit.

The record shows no serious contention that the two amounts mentioned, which total $278.10, were not originally due, but defendant claims that he should have been given credit for two amounts: $40 paid after the suit was filed and $76.67 paid on January 11, 1928, for which he claims no credit was given.

It is admitted by plaintiff that the $40 payment was made after the suit was filed and that, therefore, the claim should be reduced by this amount, or to $238.10.

We find no evidence to controvert the fact that the merchandise claimed to have been sold was actually delivered and, as we view the record, the only question now before us is whether or not credit was given for the sum of $76.67, which, admittedly, was paid on January 11, 1928.

Defendant had been purchasing goods from plaintiff for several years. The open account sued on covers the period from April 1, 1927, to December 31, 1927. It will therefore be noted that the $76.67 item in dispute was paid after the termination of the period mentioned and, in the usual method of accounting, should have been credited against the purchases theretofore made. At first glance it would, therefore, appear that defendant is correct in his contention that credit has not been given for this payment.

But, says plaintiff, when the payment of $76.67 was made on January 11, 1928, it was found that this amount would balance the account up to April 1, 1927, except for a few invoices which defendant was investigating, and that, therefore, this payment was used to offset the old debits and the account was balanced as of April 1, 1927, except for the few invoices mentioned. On April 1, 1927, a new account was commenced.

That this was in fact what occurred is made very plain by the evidence and by the complete statement of account covering the many years the parties had been doing business.

The defense is based solely on the fact that the payment in question was not shown on the credit side of the statement covering the period April 1 to December 31, 1927, nor on two statements covering specific intervening periods.

Defendant offers no other proof and the mere omission of an item from a statement cannot itself overcome the overwhelming proof that the credit was actually given. The fact is that, if defendant insists on a statement showing the credit, to offset it, the account commencing April 1, 1927, would show an additional debit of $76.67, so that the final result would be the same.

It therefore follows that the trial court was in error in allowing credit for the $76.67, which credit had in fact already been allowed, and in refusing to allow the interest claimed by plaintiff.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is amended by increasing the amount thereof to $238.10, with legal interest from judicial demand. All costs to be paid by defendant.